UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANTONEI B. CSOKA, Ph.D., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 24-1486 (ABJ) |
| FOOD AND DRUG ADMINISTRATION, | ) ) ) ) | |
| Defendant. | ) ) | |

## **MEMORANDUM OPINION**

Any "interested person" may request that the Food and Drug Administration ("FDA"), "issue, amend, or revoke a regulation or order, or [ ] take or refrain from taking any other form of administrative action" by filing a "citizen petition." 21 C.F.R. §§ 10.25(a), 10.30. Pursuant to the governing regulations, the FDA must respond to citizen petitions "within 180 days of receipt." *Id.* § 10.30(e)(2).

On May 18, 2018, plaintiff Antonei Csoka and twenty-one others submitted a petition to the FDA. Compl. [Dkt. # 1] ¶ 6. It concerns a class of drugs known as selective serotonin reuptake inhibitors (SSRIs) and serotonin-norepinephrine reuptake inhibitors (SNRIs), which are "prescription drugs approved by the FDA to treat clinical depression and certain other conditions." Compl. ¶ 5. Specifically, the petition requests that the FDA: (1) update the required labeling for SSRIs and SNRIs to "to warn of the risk that sexual side effects may persist, worsen, or begin after stopping SSRI or SNRI treatment"; (2) "require the issuance of a 'Dear Health Care Provider Letter'" to inform prescribing physicians of that risk; and (3) develop "a medication guide and communication plan to make patients aware of the risk." Compl. ¶¶ 1, 6, 8.

The FDA posted the petition for public comment, and, on November 6, 2018, "sent an 'interim response' stating that it had not yet reached a decision because the petition 'raises complex issues requiring extensive review and analysis.'"  Compl. ¶¶ 9-10.  Over six years later, defendant has yet to issue a decision on the petition or take any requested action.  Compl. ¶ 11.

On May 20, 2024, plaintiff brought the instant lawsuit to compel defendant to act on the petition on the grounds that the "FDA's failure to act on the [petition] constitutes agency action unlawfully withheld or unreasonably delayed" in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1).  Compl. ¶¶ 1, 14.  Defendant has moved to dismiss the complaint for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  Def.'s Mot. to Dismiss [Dkt. # 8] ("Mot.").  Plaintiff opposes the motion, Pl.'s Resp. in Opp. to Mot. [Dkt. # 9] ("Opp."), and the matter is fully briefed. Def.'s Reply in Supp. of Mot. [Dkt. # 10] ("Reply").

Because binding authority compels the conclusion that plaintiff lacks the necessary standing, the Court will dismiss this action for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

In evaluating a motion to dismiss under either Rule 12(b)(1), the Court must "treat the complaint's factual allegations as true and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (citations omitted), quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979); *see also Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011), quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005) (applying principle to a Rule 12(b)(1) motion).  Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions.  *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002), quoting *Kowal v.*

2

*MCI Commc'ns Corp.*, 16 F.3d 1271, 1275 (D.C. Cir. 2002) (Rule 12(b)(6) case); *Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 913 (D.C. Cir. 2015), quoting *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015) (Rule 12(b)(1) case).

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The law presumes that any cause "lies outside this limited jurisdiction," and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.*, citing *Turner v. Bank of N. Am.*, 4 U.S. 8, 11 (1799); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction."). "[B]ecause subject-matter jurisdiction is 'an Art[icle] III as well as a statutory requirement . . . no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003), quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). Under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

When considering a motion to dismiss for lack of jurisdiction, unlike when deciding a motion to dismiss under Rule 12(b)(6), the court "is not limited to the allegations of the complaint." *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Rather, "a court may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000), citing *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992); *see also Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

## ANALYSIS

"To state a case or controversy under Article III, a plaintiff must establish standing." *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 133 (2011), citing *Allen v. Wright*, 468 U.S. 737, 751 (1984); *Lujan*, 504 U.S. at 561. Standing is a necessary predicate to any exercise of federal jurisdiction; if it is lacking, then the dispute is not a proper case or controversy under the Constitution, and federal courts have no subject matter jurisdiction to decide the case. *Dominguez v. UAL Corp.*, 666 F.3d 1359, 1361 (D.C. Cir. 2012). A plaintiff must demonstrate standing for each claim he asserts, *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006), and must show: (1) that he has suffered a concrete, particularized, and actual or imminent "injury-in-fact"; (2) that the injury is "fairly traceable" to the challenged action of the defendant; and (3) that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 560–61; *see also Friends of the Earth, Inc. v. Laidlaw Env't. Servs.*, 528 U.S. 167, 180–81 (2000). This is the "irreducible constitutional minimum" of standing doctrine, and the party invoking federal jurisdiction bears the burden of establishing it. *Lujan*, 504 U.S. at 560-61.

Defendant argues that its delay in processing plaintiff's petition is a mere "procedural injury" that is insufficient to meet the "injury-in-fact" requirement. Mot. at 2–3. In response, plaintiff maintains that defendant has "deprived him of a substantive response" to his petition, to which he has "an individualized legal entitlement," and deprived him of "valuable information that would benefit his academic research." Opp. at 1. The Court agrees with defendant.

To show injury in fact, a plaintiff must demonstrate that he "suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016), quoting *Lujan*, 504 U.S. at 560 (internal quotation marks omitted); *see also Pub. Citizen, Inc. v. Nat'l Highway Traffic Safety*

*Admin.*, 489 F.3d 1279, 1293 (D.C. Cir. 2007), citing *Lujan*, 504 U.S. at 560 (the injury must be "certainly impending and immediate – not remote, speculative, conjectural, or hypothetical"). Notably, "the Supreme Court held informational injury sufficient to satisfy" this portion of standing. *Ctr. for Biological Diversity v. U.S. Int'l Dev. Fin. Corp.*, 77 F.4th 679, 685 (D.C. Cir. 2023), citing *Fed. Election Comm'n v. Akins*, 524 U.S. 11, 24 (1998). Where an informational injury is the basis for a plaintiff's assertion of standing, the party must show that "(1) [he] has been deprived of information that, on [his] interpretation, a statute requires the government or a third party to disclose to [him], and (2) [he] suffers, by being denied access to that information, the type of harm Congress sought to prevent by requiring disclosure." *Ctr. For Biological Diversity*, 77 F.4th at 685, citing *Elec. Privacy Info. Ctr. v. Presidential Advisory Comm'n on Election Integrity*, 878 F.3d 371, 378 (D.C. Cir. 2017).

This case is governed by the D.C. Circuit's decision in *Campaign Legal Center v. Fed. Election Comm'n*, 860 Fed. Appx. 1 (D.C. Cir. 2021). In that case, a plaintiff filed an administrative complaint with the Federal Election Commission ("FEC"), alleging that various entities violated the Federal Election Campaign Act (the "Campaign Act"), 52 U.S.C. § 30101 *et seq*. 860 Fed. Appx. at 2. The Campaign Act permits "any person who believes that a violation of this Act . . . occurred" to "file a complaint with the Commission." 52 U.S.C. § 30109(a)(1). The statute establishes a detailed procedure through which the Commission must process and investigate the complaint, and, in appropriate cases, take enforcement action. *See id.* § 30109(a)(1)–(7). In addition, the Campaign Act provides that "[a]ny party aggrieved" either (i) "by an order of the Commission dismissing [that] complaint[,]" or (ii) "by a failure of the Commission to act on such a complaint during the 120-day period beginning on the date the complaint is filed" may file suit in federal district court challenging the Commission's action or

inaction. *Id.* § 30109(a)(8)(A). In *Campaign Legal Center*, the FEC failed to act on the plaintiff's complaint within the 120-day statutory period. The plaintiff subsequently filed a lawsuit alleging violations of both the Campaign Act and the APA. 860 Fed. Appx. at 2–3.

The district court dismissed the Campaign Act claim on the ground that the plaintiff failed to establish Article III standing, and the Court of Appeals affirmed. *Campaign Legal Ctr.*, 860 F. App'x at 3. According to the Court of Appeals, "the Supreme Court has ruled repeatedly that the deprivation of a procedural right alone, like an agency's failure to process an administrative complaint, is insufficient to create Article III standing." *Id.* at 4, quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009) (internal quotation marks omitted). "'For a statutory violation to constitute an injury in fact, . . . the statute must protect' some 'concrete interest' of the plaintiff, meaning that the law must 'afford the putative plaintiff a right to be free of a harm capable of satisfying Article III.'" *Id.*, quoting *Jeffries v. Volume Servs. America, Inc.*, 928 F.3d 1059, 1064 (D.C. Cir. 2019). Because the plaintiff failed to identify "any concrete interest it possesses that is harmed by the [FEC's] alleged failure to act on its administrative complaint," and argued only that the Campaign Act gave "it a legal interest in having the agency 'act[ ] on [its] duly filed complaint," the Circuit held that the plaintiff lacked standing. *Id.*

The same is true here. Nevertheless, plaintiff resists the application of this doctrine by arguing that the "deprivation of a response to which he is entitled, . . . is not a 'bare procedural violation, divorced from any concrete harm.'" Opp. at 6, quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). According to him, this is because "a response from the FDA goes far beyond terminating a process; it provides substantive analysis and detailed explanation." *Id.* at 6. In short, plaintiff contends that his situation is different because the FDA's failure to adjudicate his petition

has caused him an "informational injury," insofar as he has been deprived valuable information that would be of use in his research activities." *Id.* at 8.

It is true that the loss of access to information can constitute an injury in fact sufficient to support standing. *See, e.g., Akins*, 524 U.S. at 21 (holding that individuals suffered an injury in fact when a challenged agency action interfered with their ability to obtain information that must be disclosed pursuant to statute); *Pub. Citizen v. Dep't of Justice*, 491 U.S. 440, 449–50 (1989) (holding that plaintiffs suffered an injury in fact when they were denied access to records that plaintiffs contended were subject to disclosure requirements). But those cases cannot be compared to this one.

Neither plaintiff's administrative complaint nor his complaint in this Court mention his pursuit of information; plaintiff's citizen petition is clearly directed at prompting agency action based on his claims about the side effects of certain drugs, and his federal court complaint is directed at receiving a decision on that petition. Compl. ¶¶ 8, 14. Nowhere does plaintiff allege that the federal government is in possession of information to which he is legally entitled, as might be the case where a plaintiff seeks records under the Freedom of Information Act, 5 U.S.C. § 552; *see also Pub. Citizen*, 491 U.S. at 449.

Instead, the only "information" plaintiff seeks is the government's position on his petition, insofar as it may include "an in-depth analysis of the medical and scientific issues raise in the petition" and "a review of the relevant scientific literature, an analysis of safety data, and an examination of the current labeling for relevant products, including any labeling changes that have occurred since the petition." Decl. of Antonei B. Csoak, Ph.D. [Dkt. 9-1] ¶ 5. But an informational injury sufficient for Article III standing does not exist "whenever federal agencies are not creating information a member of the public would like to have." *Found. on Econ. Trends*

*v. Lyng*, 943 F.2d 79, 85 (D.C. Cir. 1991); *see also Friends of Animals v. Jewell*, 115 F. Supp. 3d 107, 112–13 (D.D.C. 2015), *aff'd*, 828 F.3d 989 (D.C. Cir. 2016) (plaintiff's desire "to compel" agency to make a decision "that will generate information" is an "abstract interest[] in agency compliance with the law" that does "not confer standing").  Moreover, whether the ruling on the petition will ultimately include material of relevance to plaintiff's research is a matter of pure speculation at this time, so the alleged injury lacks the concreteness that Article III requires.[1]

## CONCLUSION

As disappointing as the long delay in adjudicating plaintiff's petition may be, plaintiff's complaint is simply a generalized grievance about the operation of government.  However, "an interest in proper administration of the laws (specifically, in agencies' observance of a particular, statutorily prescribed procedure) is a generic interest in good government that is shared equally by all citizens and does not amount to a concrete or particularized Article III injury." *Campaign Legal Ctr.*, 860 Fed. Appx. at 4, quoting *Lujan*, 504 U.S. at 576 (internal quotation marks omitted).  Because plaintiff has not suffered an injury in fact, he lacks standing to bring this action.  Defendant's motion to dismiss is thus **GRANTED** and this action is **DISMISSED** for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

A separate order will issue.

---

1   Plaintiff relies on a series of cases in this Circuit to argue that "this Court and the D.C. Circuit have for decades addressed challenges to the FDA's failure to provide a response to a plaintiff's petition, without noting any concern about the plaintiff's standing." Opp. at 5–6, citing *In re NRDC*, 645 F.3d 400 (D.C. Cir. 2011); *Pub. Citizen Health Rsch. Grp. v. FDA*, 740 F.2d 21 (D.C. Cir. 1984); *Ctr. for Sci. in the Pub. Interest v. FDA*, 74 F. Supp. 3d 295 (D.D.C. 2014); *Hill Dermaceuticals, Inc. v. FDA*, 524 F. Supp. 2d 5 (D.D.C. 2007); *Pub. Citizen Health Rsch. Grp. v. FDA*, 724 F. Supp. 1013 (D.D.C. 1989); *Pub. Citizen v. Dep't of Health & Human Servs.*, 632 F. Supp. 220 (D.D.C. 1986).  The Court finds this line of reasoning unpersuasive, in that each of the decisions cited predate the Supreme Court's decision in *Spokeo* and the Court of Appeals' decision in *Campaign Legal Center*.

AMY BERMAN JACKSON
United States District Judge

DATE: March 31, 2025